```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

**CIVIL ACTION NO. 1:12cv0452 (WOB-SKB)**
**RELATED CASE NO. 1:14cv662**

| | |
|---|---|
| **GARY BALL, ET AL.** | **PLAINTIFFS** |
| VS. | <u>**ORDER**</u> |
| **ABC PRECISION MASONRY & CONCRETE, INC., ET AL.** | **DEFENDANTS** |

This matter is before the Court on the Report and Recommendation of the United States Magistrate Judge (Doc. 73), the objections thereto by the Gary Ball plaintiffs and Mangano Law defendants (Doc. 16 in Case No. 14-cv-662), and defendant/counterclaimant Mark Hodge's motion to proceed to refile (Doc. 18 in Case No. 14-cv-662). The Court has reviewed this matter and concludes that oral argument is unnecessary.

In her Report and Recommendation, the Magistrate Judge thoroughly reviewed the background of this case, in particular noting that Mr. Hodge continues to represent himself in these matters and that his filings are thus liberally construed.

The Court agrees with the Magistrate Judge that Mr. Hodge's new complaint in Case No. 14-cv-662 is more properly construed, in part, as both amending his earlier answer in Case No. 12-cv-452 and asserting a counterclaim for tortious interference against the Gary Ball plaintiffs.

While the Gary Ball plaintiffs object that they are not designated as defendants in Mr. Hodge's complaint, that objection elevates form over substance. Although the Gary Ball plaintiffs are not listed in the caption of Mr. Hodge's *pro se* complaint, they are specifically named in his "Statement of Claim" as persons against whom he is asserting claims. (Doc. 1-1, Page ID #6, in Case No. 14-cv-662). This objection is thus without merit.

The Gary Ball plaintiffs also object that they have never been served with Mr. Hodge's new complaint, yet the Court notes that these parties filed an Answer to Mr. Hodge's counterclaims on March 16, 2015 (Doc. 56), just days before filing their objections to the Report and Recommendation. These parties have thus clearly received notice of the claims asserted against them and have filed their responsive pleading.

Finally, while the Gary Ball plaintiffs assert a federal preemption defense to the tortious interference counterclaim, such a defense is more properly raised in a motion to dismiss so that the complex legal question therein may be properly briefed in accordance with the Local Rules.

Therefore, having reviewed this matter, and being otherwise advised,

**IT IS ORDERED** that:

2

(1)  The objections (Doc. 16) to the Report and Recommendation of the Magistrate Judge be, and they are, hereby **overruled**;

(2)  The Report and Recommendation of the Magistrate Judge (Doc. 73) be, and it is, hereby **adopted** as the findings of fact and conclusions of law of the court;

(3)  Mark Hodge's motion to proceed to refile (Doc. 18 in Case No. 14-cv-662) be, and is hereby, **GRANTED**;

(4)  The motion to dismiss the complaint filed in Case No. 14-cv-662 (Doc. 65 in case No. 12-cv-452) be, and is hereby, **GRANTED**, and Case No. 14-cv-662 be, and is hereby, **DISMISSED**, with no further entries to be docketed therein; and

(5)  The Clerk of Court shall refile Mr. Hodge's Complaint (Doc. 56 in Case No. 12-cv-452) and motion to proceed to refile (Doc. 18 in Case No. 14-cv-662) collectively as a construed Amended Answer and Counterclaim in Case No. 12-cv-452).

This 23rd day of April, 2015.



Signed By:
*William O. Bertelsman* WOB
United States District Judge